CHANDLER, Justice,
specially concurring:
¶ 32. I concur with the Court’s holding that David Campbell was in a position of trust or authority over the minor victim. Section 97-5-23(2) proscribes the fondling of a person under the age of eighteen with or without the child’s consent when the perpetrator “occupies a position of trust or authority over the child.” Miss.Code Ann. § 97-5-23(2) (Rev.2006). I write separately to express my opinion that this Court should construe Section 97-5-23(2) prudently so that the statute’s reach is not over-inclusive.
¶ 33. The victim in this case was sixteen years old and above the age of consent. See Miss.Code Ann. § 97-3-65 (Rev.2006). While Campbell’s conduct was reprehensible, it was criminal only if Campbell was in a position of trust or authority over the victim. Under Section 97-5-23(2), “[a] person in a position of trust or authority over a child includes without limitation a child’s teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.” Id. A person in a position of trust or authority over a child has special access to the' child, and may use the position to exact the victim’s compliance. Therefore, a child over sixteen and under eighteen years of age cannot legally consent to sexual activity with a person in a position of trust or authority. Miss.Code Ann. § 97-5-23(2); Miss.Code Ann. § 97-3-95(2) (Rev.2006) (“a person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority -”). But if the older person is not in a position of trust or authority over the sixteen-year-old when the sexual activity occurs, no crime has occurred. Because the statute does not limit the persons who may be considered to be in a position of trust or authority, that task is left to our appellate courts, considering the particular facts and circumstances of each case. It is vital that this Court prudently determine the limitations of the statute so that its reach is not over-inclusive.
¶ 34. I turn to the facts of this case. Campbell was an applicant for the status of foster parent, and he had accepted Lauren into his home with the approval of the Department of Human Services. DHS considered Lauren to be in the “physical custody” of the Campbells. She was to be “treated as one of their own children” until the placement was finalized. As outlined by the majority, Campbell and his wife made all decisions related to Lauren’s day-to-day care as if she was one of their own children. They controlled Lauren’s ability to come and go, decided if she could have visitors, gave her a curfew, limited her television, and paid for and monitored her cell-phone use. Under these circum *58 stances, Campbell stood in loco parentis[30] to Lauren. Certainly, a person standing in loco parentis to a child is in a position of trust or authority over that child under Section 99-5-23(2). I concur with the majority’s holding.
DICKINSON, P.J., JOINS THIS OPINION.

. The status of in loco parentis “exists when [one] person undertakes care and control of another in absence of such supervision by [the] latter's natural parents and in absence of formal legal approval, and is temporary in character and is not to be likened to an adoption which is permanent.” Smith v. Smith, 97 So.3d 43, 47 (Miss.2012) (quoting J.P.M. v. T.D.M., 932 So.2d 760, 780 (Miss.2006)).